UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DGCI CORPORATION,<br><br>          Plaintiff,<br><br>v.<br><br>TRIPLE ARROW COMPANY FOR GENERAL TRADING CO. LTD.,<br><br>          Defendant. | No.:  1:21-cv-01174 (AJT) (MSN) |

## MOTION FOR TEMPORARY RESTRAINING ORDER

PLEASE TAKE NOTICE that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff DGCI Corporation ("DGCI"), by and through its counsel, Peckar & Abramson, P.C., moves this Court for temporary injunctive relief enjoining Defendant Triple Arrow Company for General Trading Co. Ltd. ("Triple Arrow") from proceeding with its foreign lawsuit or other legal proceedings against DGCI in Iraq until a hearing on DGCI's Motion for a Preliminary Injunction can be held.

In support of this Motion for Temporary Restraining Order, DGCI has contemporaneously filed its Memorandum of Law, Declaration of Robert Bell, dated October 19, 2021, with supporting exhibits, Rule 65(b)(1)(B) Certification, and further states as follows:

1. DGCI and Triple Arrow formalized their contractual relationship under a Master Services Agreement ("MSA"), effective as of May 1, 2020, to govern the terms by which Triple Arrow would supply goods to DGCI in Iraq.  (Complaint, Dkt. No. 1, ¶ 26).

2. The Virginia-law governed MSA contains a mandatory forum selection clause which governs any disputes between the parties.  This provision requires that any dispute

"shall be resolved exclusively at the U.S. Federal District Court for the Eastern District of Virginia, or if such court does not have subject matter jurisdiction over the dispute, any other federal or state court of competent jurisdiction located in the Commonwealth of Virginia." (Complaint, Dkt. No. 1, Ex. A at 13.3).

3. In October 2020, Triple Arrow was deemed by the U.S. Department of Defense ("DOD") to be a force protection threat, and as a result, received a negative force protection rating from the U.S. Government via the Joint Contingency Contracting System ("JCCS"). (Complaint, Dkt. No. 1, ¶¶ 31-35). Thereafter, DGCI notified Triple Arrow that the MSA was terminated effectively immediately due to Triple Arrow's breach of the MSA by failing to satisfactorily maintain its force protection rating, which was a material condition precedent for it to be a vendor for DGCI in DGCI's performance on behalf of the DOD. (*Id.*).

4. Following this force protection determination and the resulting termination, DGCI initiated an audit of Triple Arrow's invoices and conduct under the MSA to determine whether the monies invoiced were actually owed. (*Id.*, ¶ 37).

5. After DGCI informed Triple Arrow that it was exercising its right to audit in light of the loss of force protection rating, DGCI believes that Triple Arrow initiated a campaign of interference with DGCI property and engaged in threats to DGCI personnel in Iraq. (*Id.* ¶ 43).

6. Since August 2021, Triple Arrow and its Iraqi counsel have been engaged in active email correspondence with DGCI and DGCI's U.S. counsel regarding DGCI's audits and Triple Arrow's disputed claims for monies owed under the MSA. (*Id*., ¶ 42).

7. DGCI has repeatedly told Triple Arrow that the proper forum for any disputes under the MSA (including Triple Arrow's belief that it is owed monies under the MSA) is in this Court and to cease and desist from taking improper actions against DGCI in Iraq.

8. Not only has Triple Arrow refused to do so, but Triple Arrow has brazenly violated the MSA and the mandatory forum selection clause through initiating legal proceedings against DGCI in Iraq.

9. Triple Arrow has initiated legal proceedings against DGCI in Iraq seeking USD 11,093,076 in damages related to the purchase of fuel from Triple Arrow, together with Triple Arrow's legal fees. On September 21, 2021, Judge Qubad Sh. Noori of the Erbil Court of First Instance issued a Legal Notification setting a court hearing in this Iraqi litigation at 9:00 a.m. on November 8, 2021. (*Id*., ¶¶ 57-58).

10. This foreign lawsuit brought by Triple Arrow against DGCI in Iraq is in direct contravention of the clear terms of its contract with DGCI and presents a real risk of immediate and irreparable harm to DGCI.

11. Having entering into a contract explicitly and exclusively calling for litigation of "any" disputes in this District, Triple Arrow's conduct in seeking an end-run around this obligation through resort to Iraqi legal proceedings is both invalid and an affront to the jurisdiction of this Court.

12. Triple Arrow is clearly seeking to manipulate the Iraqi courts to obtain an unjust result and to obtain "judicial cover" for actions they are taking in Iraq against DGCI that are improper under the MSA

13. This litigation is properly before this Court pursuant to the explicit terms of the MSA.  Triple Arrow rushed to the courthouse in Iraq to preempt and vitiate any potential relief that DGCI might obtain in this Court under the MSA

14. DGCI meets all requirements for the issuance of an anti-suit injunction.

15. First, the parties and the issues are the same in this litigation and in the Iraqi litigation.

16. Second, the factors considered by courts all favor the grant of the injunction.  In particular, anti-suit injunctions are necessary to protect this Court's jurisdiction over contractual disputes with valid and enforceable forum selection clauses providing for mandatory jurisdiction in this Court, where one party seeks to sidestep those provisions through initiating improper proceedings in a foreign country.  Allowing Triple Arrow to continue the Iraqi lawsuit would render the forum selection clause in the MSA a nullity.  More broadly, allowing parties to evade agreed-upon contractual forum selection clauses through such conduct would have harmful effects on international commerce, as numerous courts have recognized.

17. Third, notions of international comity do not prevent the issuance of an anti-suit injunction where, as here, this is a private contractual dispute between two private parties who contractually agreed to litigate any disputes in this District.

18. DGCI has filed its Complaint in this Court (the proper forum for any disputes between DGCI and Triple Arrow under the MSA) seeking an order for declaratory relief, pursuant to 28 U.S.C. § 2201, et seq., declaring that: (1) the MSA continues to be valid

and enforceable following termination; (2) the requirements of the MSA's forum selection and choice of law provisions requiring resolution of any disputes between the parties arising under the MSA to be litigated in this Court under Virginia law are mandatory and enforceable; and (3) Triple Arrow's actions in Iraq, including initiating litigation in Iraqi courts, are improper and invalid.  DGCI also seeks a foreign anti-suit injunction under Federal Rule of Civil Procedure 65, prohibiting Triple Arrow from proceeding with any lawsuits or other legal proceedings against DGCI in Iraq.

WHEREFORE, DGCI respectfully requests that the Court issue the following relief:

A. Immediately enter a temporary restraining order that enjoins Triple Arrow from proceeding with its foreign lawsuit or other legal proceedings against DGCI in Iraq until a hearing on DGCI's Motion for a Preliminary Injunction can be held;  and

B. For such other relief as the Court deems proper.

Dated: October 20, 2021							Respectfully submitted,

*/s/ Joseph N. Frost*
Michael A. Branca (VSB No. 36108)
Michael C. Zisa (VSB No. 76397)
Joseph N. Frost (VSB No. 92239)
PECKAR & ABRAMSON, P.C.
2055 L Street, N.W., Suite 750
Washington, DC 20036
Telephone:  (202) 293-8815
Facsimile:   (202) 293-7994
mbranca@pecklaw.com
mzisa@pecklaw.com
jfrost@pecklaw.com

Thomas J. Curran (*pro hac vice*)
tcurran@pecklaw.com
Doris D. Short (*pro hac vice*)
dshort@pecklaw.com
Robert H. Bell (*pro hac vice)*
rbell@pecklaw.com
PECKAR & ABRAMSON, P.C.
1325 Avenue of the Americas
10th Floor
New York, NY 10019
Telephone:  (212) 382-0909
Facsimile:   (212) 382-3456

*Attorneys for DGCI Corporation*

6

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 20, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and further will serve the foregoing upon the Defendant concurrently with the Summons and Complaint.

                                                    */s/ Joseph N. Frost*
                                                    Joseph N. Frost