UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| **DGCI CORPORATION,**<br><br>                    **Plaintiff,**<br><br>**v.**<br><br>**TRIPLE ARROW COMPANY FOR<br>GENERAL TRADING CO. LTD.,**<br><br>                    **Defendant.** | No.:  1:21-cv-1174 (AJT) (TCB) |

### PLAINTIFF DGCI CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PERMISSION TO SERVE THE DEFENDANT THROUGH ALTERNATIVE MEANS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) & (H)(2)

Plaintiff DGCI Corporation ("DGCI"), by and through counsel, respectfully requests that the Court, pursuant to Rule 4(f)(3) & (h)(2) of the Federal Rules of Civil Procedure, authorize DGCI to serve Defendant Triple Arrow Company for General Trading Co. Ltd. ("Triple Arrow") by using email.

### BACKGROUND

On October 19, 2021, DGCI filed its Complaint against Triple Arrow for a declaratory judgment and injunctive relief to enforce the terms of the Virginia-law governed Master Services Agreement between DGCI and Triple Arrow, effective as of May 1, 2020 ("MSA").  (Dkt. No. 1).  The MSA contains a mandatory forum selection provision that grants exclusive jurisdiction in the U.S. District Court for the Eastern District of Virginia, or if such court does not have subject matter jurisdiction over the dispute, any other federal or state court of competent subject matter jurisdiction located in the Commonwealth of Virginia.  (Compl. ¶ 28 & Ex. A ¶ 13.3).

On October 20, 2021, the Summons was issued as to Defendant.   (Dkt. No. 7). Contemporaneously, DGCI filed a motion for a temporary restraining order and motion for a preliminary anti-suit injunction enjoining Triple Arrow from further proceeding with its foreign lawsuit or other legal proceedings against DGCI in Iraq.  (Dkt. Nos. 11 & 13).

Following a hearing on October 27, 2021, the Court granted a Temporary Restraining Order, ordering that "Defendant Triple Arrow, its agents, servants, employees and attorneys, and those other persons who are in active concert or participation with those persons, be and hereby are RESTRAINED and ENJOINED from proceeding with any lawsuits or other legal proceedings against DGCI in Iraq or any other jurisdiction other than this court." (Dkt. No. 22). Following a hearing on November 10, 2021, the Court granted an extension of the Temporary Restraining Order.  (Dkt. No. 30).

DGCI has made multiple attempts to provide notice of these proceedings and the Temporary Restraining Order to Triple Arrow.  Prior to the filing of the lawsuit, Triple Arrow and its Iraqi counsel were engaged in active email correspondence with DGCI and DGCI's U.S. counsel regarding Triple Arrow's disputed claims for monies still owed under the MSA. (Compl. ¶ 42).  This was consistent with the explicit terms of the MSA, in which Triple Arrow consented to service by email of all notices related to the MSA to its authorized representative, Mohammed Faisal Bradosti at mohammedbradosti@gmail.com.   (Compl. ¶ 30).   In that correspondence, DGCI and its U.S. counsel received email correspondence from Mr. Sami Sultan, Iraqi legal counsel for Triple Arrow, on September 27, 2021 sent from email address sami.sultan@triplearrow.com.  (Dkt No. 15 Ex. K).  Accordingly, as detailed in the Declarations of Robert Bell filed on October 26, 2021, November 9, 2021 and November 15, 2021, counsel for DGCI has sent copies of the Summons and Complaint, as well as all other pleadings relating

to the requests for injunctive relief and resulting Orders, to Triple Arrow and its counsel and agents via email, including to the sami.sultan@triplearrow.com and mohammedbradosti@gmail.com email addresses.  (Dkt. No. 21, 28 & 31).

In addition, DGCI has served the Summons and Complaint on Triple Arrow on its agent Ghalib Bradosti (see, e.g., Compl. ¶¶ 16-25) by serving an adult of suitable age and discretion at his residence in Bethesda, Maryland and by sending a copy of the Summons and Complaint and subsequent pleadings to Mr. Bradosti via Federal Express to that same address.  (Dkt. No. 31, Exs. B & C).

Through this Motion, DGCI respectfully requests that this Court authorize service by email pursuant to Rule 4(f)(3) & (h)(2) of the Federal Rules of Civil Procedure.  Service of process via email in this case comports with due process and is "reasonably calculated" to give notice to Triple Arrow.

## **ARGUMENT**

Under Rule 4(h)(2), a plaintiff may serve a foreign corporate defendant by alternative means under Rule 4(f)(3), as long as such means are directed by the Court and are not prohibited by international agreement.  *See Dee-K Enterprises Inc. v. Heveafil Sdn. Bhd.*, 174 F.R.D. 376, 378 (E.D. Va. 1997); *see also WhosHere, Inc. v. Orun*, 13-CV-00526, 2014 WL 670817, *2 (E.D. Va. Feb. 20, 2014) (approving service on foreign defendant by email).  The methods of service must comport with due process and be "reasonably calculated" to give notice to defendant.  *BP Products North America, Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005).  A plaintiff is not required to use other methods of service under Rule 4(f) first: "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant."  *Id*.  The

3

decision whether to authorize service under Rule 4(f)(3) is left to the sound discretion of the Court. *BP Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006).

I.   **SERVICE THROUGH EMAIL IS NOT PROHIBITED BY INTERNATIONAL AGREEMENT**

Iraq is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.[1]   DGCI is not aware of any international agreement to which Iraq is a signatory that would otherwise prohibit service by email.

II.   **THE PROPOSED METHOD OF SERVICE IS REASONABLY CALCULATED TO APPRISE TRIPLE ARROW OF THE PENDENCY OF THE ACTION AND AFFORD IT AN OPPORTUNITY TO PRESENT ITS DEFENSE**

The proposed method of service by email is not only permissible, but also is the most likely to provide Triple Arrow with notice of this litigation and future filings and thus comport with due process. *See, e.g., Juul Labs, Inc. v. Unincorporated Ass'n Identified in Schedule A*, 19-CV-00715, 2020 WL 10090733, *2 (E.D. Va. April 24, 2020) ("Service of process through email generally satisfies constitutional due process."); *Montblanc-Simplo Gmbh v. Ilnitskiy*, 17-CV-415, 2018 WL 1882823, *2 (E.D. Va. Jan. 25, 2018) (same); *WhosHere*, 2014 WL 670817, at *3 (collecting cases that authorize service by electronic communications); *BP Products*, 232 F.R.D. at 265 ("Allowing a plaintiff to serve a defendant's counsel is not a novel means of effecting service of process.").

Prior to the filing of the lawsuit, Triple Arrow and its Iraqi counsel were engaged in active email correspondence with DGCI and DGCI's U.S. counsel regarding Triple Arrow's disputed claims for monies still owed under the MSA.  (Compl. ¶ 42).  This was consistent with

---

[1]     *See*     https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Iraq.html;     https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing signatories to the Hague Convention).

the explicit terms of the MSA, in which Triple Arrow consented to service by email of all notices related to the MSA to its authorized representative, Mohammed Faisal Bradosti at mohammedbradosti@gmail.com.   (Compl. ¶ 30).   In that correspondence, DGCI and its U.S. counsel received email correspondence from Mr. Sami Sultan, Iraqi legal counsel for Triple Arrow, on September 27, 2021 sent from email address sami.sultan@triplearrow.com.   (Dkt No. 15 Ex. K).   As a result, DGCI's U.S. counsel provided notice of this lawsuit and the requests for injunctive relief to Triple Arrow via email.   (Dkt. Nos. 21 & 28).   This included an email to Triple Arrow's Iraqi counsel on October 19, 2021 attaching a copy of the Summons and Complaint and requesting that Triple Arrow advise whether it would consent to service. (Dkt. No. 21 Ex. A).   DGCI's counsel has sent emails regarding this litigation to sami.sultan@triplearrow.com,        info@triplearrow.com,        faisalhamo@triplearrow.com; mohammedbradosti@gmail.com, and ghalibbradosti@gmail.com.   (Dkt. No. 21, 28 & 31).

In tailoring the method of service, courts have taken into consideration whether the defendant already possessed knowledge of the dispute.   *See WhosHere*, 2014 WL 670817, at *4 (approving service by alternative means where "plaintiff has shown that defendant is presumably abreast of both the subject matter of the litigation and is likely already in receipt of the complaint."); *see also BP Products*, 236 F.R.D. at 272 ("courts in previous cases have noted the importance of the defendant possessing some knowledge that he might be subject to a suit.").   As discussed above, Triple Arrow is clearly aware that it may be subject to suit in the United States since it consented to exclusive jurisdiction over such lawsuits in the MSA, engaged in active email communications regarding the dispute under the MSA between the parties prior to the filing of this lawsuit, and indeed, has already been provided with a copy of the Summons and Complaint and other pleadings and orders in this lawsuit via email.   To date, Triple Arrow has

declined to participate in this lawsuit.  DGCI is entitled to proceed with this lawsuit to seek the relief sought in the Complaint, notwithstanding Triple Arrow's failure to appear.

Accordingly, DGCI respectfully requests that this Court authorize official service by email of the Summons and Complaint by allowing DGCI's counsel to send such pleadings by email to the following email addresses:   sami.sultan@triplearrow.com, info@triplearrow.com, faisalhamo@triplearrow.com; mohammedbradosti@gmail.com, and ghalibbradosti@gmail.com. *See, e.g., WhosHere*, 2014 WL 670817, at *4 (approving service by email where "defendant himself provided plaintiff with these email contacts.").

<u>**CONCLUSION**</u>

For the reasons set forth herein, DGCI respectfully requests that the Court authorize service of the Summons and Complaint on Triple Arrow by email pursuant to Federal Rule of Civil Procedure 4(f)(3) & (h)(2) by entering the proposed order submitted herewith.

Dated: November 15, 2021

Respectfully submitted,

*/s/ Joseph N. Frost*

Michael A. Branca (VSB No. 36108)
Michael C. Zisa (VSB No. 76397)
Joseph N. Frost (VSB No. 92239)
PECKAR & ABRAMSON, P.C.
2055 L Street, N.W., Suite 750
Washington, DC 20036
Telephone:  (202) 293-8815
Facsimile:   (202) 293-7994
mbranca@pecklaw.com
mzisa@pecklaw.com
jfrost@pecklaw.com

Thomas J. Curran (*pro hac vice*)
tcurran@pecklaw.com
Doris D. Short (*pro hac vice*)
dshort@pecklaw.com
Robert H. Bell (*pro hac vice*)
rbell@pecklaw.com
PECKAR & ABRAMSON, P.C.
1325 Avenue of the Americas
10th Floor
New York, NY 10019
Telephone:  (212) 382-0909
Facsimile:   (212) 382-3456

*Attorneys for DGCI Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and further will serve the foregoing upon the Defendant.

*/s/ Joseph N. Frost*
Joseph N. Frost